United States District Court

Eastern District of California

Richard L. Alley,

    Petitioner,

vs.

Tom L. Carey,

    Respondent.

No. Civ. S 04-1934 MCE PAN P

Findings and Recommendations

-oOo-

Petitioner, a state prisoner without counsel, seeks a writ of habeas corpus. See 28 U.S.C. § 2254. Respondents move to dismiss upon the ground petitioner's default of state procedures bars federal review of his claims. Petitioner opposes.

November 15, 2001, petitioner was found guilty of a disciplinary violation and later was denied release to parole in part because of the disciplinary decision. November 20, 2001, petitioner received a written order adjudicating him guilty.

February 11, 2002, petitioner filed an administrative

1 appeal.  February 14, 2002, the appeal was rejected as untimely.

2     Petitioner sought habeas relief in the Marin County Superior Court.  The court denied relief upon the ground petitioner failed to exhaust available administrative remedies.

5     Petitioner sought habeas relief in the First District Court of Appeal.  The court denied relief upon the ground petitioner failed to exhaust available administrative remedies.

8     Petitioner sought habeas relief in the California Supreme Court.  Citing In re Dexter, 25 Cal.3d 921 (1979), the California Supreme Court denied relief.  Dexter requires state prisoners to exhaust the available administrative remedies before seeking habeas corpus relief.

13    Respondent contends petitioner's default of the rule requiring prisoners to exhaust available administrative remedies before seeking habeas relief bars federal review.

16    Before seeking federal habeas relief, a state prisoner must fairly present his claims to the highest state court so that court has an opportunity to rule on the merits of his federal claims.  Picard v. Connor, 404 U.S. 270, 278 (1971).  A petitioner who defaults a state procedural rule that is independent of federal law and adequate to support the judgment is barred from obtaining federal habeas review of his claims unless he can show either cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims will result in a fundamental miscarriage of justice.  Coleman v. Thompson, 501 U.S. 722, 750

(1991). A state ground is adequate and independent if the last state court to which the petitioner presented the claim actually relied on a state rule that was sufficient to justify the decision. Valerio v. Crawford, 306 F.3d 742, 773 (9th Cir. 2002) (en banc), cert denied, 538 U.S. 994 (2003). A state ground is independent if it is not interwoven with federal law, viz., application of the rule is not dependent on an antecedent ruling of federal law. Park v. California, 202 F.3d 1146, 1152 (9th Cir. 2000). A state rule is adequate if it is firmly established and regularly followed by state courts at the time of the purported default. Lee v. Kemma, 534 U.S. 362, 389 (2002); Hill v. Roe, 321 F.3d 787, 790 (9th Cir. 2003). Once the state sufficiently pleads adequacy, the burden shifts to petitioner to make specific factual allegations demonstrating inadequacy, including citation to authority demonstrating inconsistent application of the rule. Bennett v. Mueller, 322 F.3d 573, 585-86 (9th Cir.), *cert. denied*, 540 U.S. 938 (2003).

Dexter requires prisoners to exhaust available administrative remedies before seeking relief from the courts unless it would be futile so to do. Dexter, 160 Cal.Rptr. at 121.[1] Since Dexter is based solely on state law, the rule is independent of federal law. See Carter v. Giurbino, 385 F.3d 1194, 1197-98 (9th Cir. 2004) (state rule independent where "[n]o federal analysis enters into the [rule's] equation").

---

[1] Futility is shown by evidence the agency has declared what its rule or policy will be in a particular case. Gantner & Mattern Co. v. California E. Com., 17 Cal.2d 314, 318 (Cal. 1941).

3

1   Courts have required litigants to exhaust available state
2 remedies before pursuing judicial remedies since 1941.  See
3 Abelleira v. District Court of Appeal, 17 Cal.2d 280, 292 (Cal.
4 1941).  The rule was firmly established in November 2001, at the
5 time of petitioner's purported default.  The rule has been
6 applied consistently since Abelleria.  See, e.g., In re
7 Muszalski, 52 Cal.App.3d 500, 503 (Cal. 1975); In re Thompson, 52
8 Cal.App.3d 780, 783 (Cal. 1975); In re Serna, 76 Cal.App.3d 1010,
9 1014 (Cal. 1978); Wright v. State, 19 Cal.Rptr.3d 92, 95-97 (Cal.
10 App. 2004); People v. Mendoza, 187 Cal.App.3d 948, 954-55 (Cal.
11 App. 1986).  Petitioner demonstrates the courts have carved out
12 and applied exceptions to the rule, but he makes no showing by
13 reference to published or unpublished state court decisions that
14 the rule is applied inconsistently or selectively.
15   The rule of Dexter is an adequate and independent state
16 ground that bars this court from reaching the merits of
17 petitioner's claims.
18   Petitioner contends his movement between state and county
19 facilities and concomitant deprivation of access to the CDC
20 administrative remedy is cause for the default.  "Cause" is
21 "something external to the petitioner," viz., some "objective
22 factor external to the defense" which impeded efforts to comply
23 with the state's procedural rule.  Coleman, 501 U.S. at 753;
24 Murray v. Carrier, 477 U.S. 478, 488 (1986).
25   To appeal a disciplinary conviction a prisoner must, within
26 15 work days of the adverse action, submit to CDC officials on a

1  "CDC Form 602," a description of the problem and the action
2  requested, attaching only documents necessary to clarify the
3  appeal.  15 Cal. Admin. Code §§ 3084.2, 3084.6.  Failure to
4  attach supporting documents is grounds to reject an appeal.  15
5  Cal. Admin. Code § 3084.3.
6       Petitioner was found guilty of the infraction November 15,
7  2001.  November 20, 2001, he received a written rules violation
8  report.  Petitioner asserts he placed the report on his bed
9  because he immediately was to be transported to the Sacramento
10 County Jail and he could not take legal materials with him.
11      Petitioner returned from Sacramento December 11, 2001, and
12 immediately was placed in administrative segregation, where he
13 remained until January 25, 2002, when he was transferred to
14 California State Prison, Solano.  While segregated, he requested
15 legal materials for matters pending in court.  January 14, 2002,
16 petitioner received legal materials, but not a copy of the rules
17 violation report.  He obtained a copy of the report February 5,
18 2002, at a classification committee hearing.
19      February 11, 2002, petitioner appealed the November 15,
20 2001, disciplinary conviction.  Prison officials rejected the
21 appeal as untimely, specifically finding petitioner could have
22 filed while in administrative segregation, as evidenced by other
23 grievances he filed.
24      Petitioner could not appeal the disciplinary conviction
25 while at the Sacramento County Jail, but prison officials faulted
26 him for not appealing upon his return while he was in

administrative segregation.  In his requests for legal materials, petitioner identified specific papers he needed but did request the November 20, 2001, disciplinary report.  Notwithstanding petitioner was required to attach the report to an appeal, petitioner could have requested the report or could have alleged in a timely appeal he could not attach the report because prison staff denied him a copy of it.  Petitioner did not attempt to obtain the report or to file an appeal explaining why he could not attach the report, despite he filed other appeals while in administrative segregation.

Insofar as petitioner asserts his dyslexia and illiteracy constitute cause for the default, the Ninth Circuit has decided this issue to the contrary. <u>Hughes v. Idaho State Bd. of Corrections</u>, 800 F.2d 905, 907-09 (9th Cir. 1986) (pro se petitioner's illiteracy not cause for default of a state's procedural rule); <u>Tacho v. Martinez</u>, 862 F.2d 1376, 1381 (9th Cir. 1988) (diagnosis as "borderline mental defective" and reliance upon "incompetent jailhouse lawyers" is not cause).

Petitioner has failed to show something external to his defense impeded efforts to comply with the exhaustion requirement.

For these reasons, petitioner's default of state procedures bars this court from reaching the merits of petitioner's claims.

Accordingly, I hereby recommend respondents' February 23, 2005, motion to dismiss be granted and that this action be dismissed.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these findings and recommendations are submitted to the United States District Judge assigned to this case. Objections may be filed within 20 days after service of these findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated: August 30, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge